UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAMERIAL BENSON**                                                                              **PLAINTIFF**

**V.**                                   **CIVIL ACTION NO. 3:23-CV-564-TSL-RPM**

**HIGHER EDUCATION LOAN
AUTHORITY OF THE STATE OF
MISSOURI d/b/a MOHELA
NAVIENT CORPORATION;
CONDUENT EDUCATION SERVICES, LLC
f/k/a ACS EDUCATION SERVICES, INC.**                         **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, TO DISMISS**

## INTRODUCTION

In 2004, Plaintiff graduated from the University of Southern Mississippi ("USM"). His tuition was paid for in part by numerous federal and private loans. Plaintiff's federal loans were serviced by Navient Solutions, LLC ("Navient") until 2008 when his loans were paid off through a consolidation. Navient Corporation, on the other hand, is an improper defendant as it never disbursed or serviced any loans to Plaintiff.

Despite repeated contact and communication with Navient over the years, Plaintiff waited until March 3, 2023 to file a lawsuit regarding his repayment of those loans. The statute of limitations on his claims, however, expired years ago, and Navient is entitled to summary judgment. Even if the limitations period had not yet expired, Plaintiff's Complaint fails to state a claim against Navient because Navient did not service Plaintiff's loans during the time period Plaintiff claims payments made were not properly applied to his loans.

## STATEMENT OF FACTS

Plaintiff Jamerial Benson attended USM from 2000 to 2004. [Dkt. 1-2, p. 2, ¶ 8]. To pay for college, Plaintiff took unsubsidized and subsidized federal Stafford Loans and Perkins Loans he claims were initially serviced by "Navient and Direct Loan Servicing Center a/k/a ACS Educational Services." *Id.* at ¶¶ 9, 14. Upon graduating, Plaintiff alleges that he began making payments on his Perkins Loan, which totaled $6,213.00, until it was paid in full as of July 30, 2008.[1] *Id.* at ¶ 11. During the same period of time, Plaintiff alleges his Stafford Loans were held in forbearance. *Id.* at ¶ 12. In 2008, Plaintiff alleges his remaining loans were consolidated into two loans: Consolidation Loan 001 in the amount of $20,192.35 and Consolidation Loan 002 in the amount of $23,511.12. *Id.* at ¶ 13. Following the 2008 consolidations, Plaintiff alleges that Navient only serviced his loans until they were obtained by MOHELA in 2013. *Id.* at ¶ 14.

Plaintiff claims that he inquired as to the balance of both loans approximately 10 years later and—despite making payments through automated withdrawals—was informed by MOHELA that the balances were $24,939.56 on Consolidation Loan 001 and $29,038.78 on Consolidation Loan 002. *Id.* at ¶ 16. Plaintiff alleges that MOHELA's records only show six payments against his loans from 2008 to 2013, the time period when Plaintiff alleges Navient serviced both loans. *Id.* at ¶ 19.

Plaintiff's loan records, however, tell a different story. Contrary to Plaintiff's allegations, Navient serviced Plaintiff's federal loans only until 2008 when the loans were consolidated.[2] [Dkt. 12-1, pp. 3-4], Principal Balance Payment History, attached to Defendant's Motion as Exhibit A-1. Upon consolidation, Plaintiff's loans with Navient were paid in full, and co-defendant

---

[1] The Complaint purports to attach a Promissory Note stamped "Paid in Full" regarding the Perkins Loan as Exhibit A, but no such Exhibit was filed with the Complaint.

[2] Plaintiff also took two private loans that were serviced by Navient, but those loans are not at issue as Plaintiff's Complaint only alleges wrongdoing as to the federal loans.

2

MOHELA began servicing the newly consolidated loans. *Id.* Additionally, Plaintiff had ample contact with Navient regarding the status of his loans from before he graduated from USM through 2023. In January 2015, Plaintiff twice spoke with Navient alleging that his loan balances had increased when Navient spun off of Sallie Mae. [Dkt. 12-1, p. 23], FDR Correspondence History, attached to Defendant's Motion as Exhibit A-2. In February 2015, Plaintiff twice spoke with Navient requesting his payment history. Ex. A-2, [Dkt. 12-1, p. 24]. On February 23, 2015, Navient provided Benson with a detailed transaction history for both of his loans. [Dkt. 12-1, pp. 57-60], February 23, 2015 Correspondence, attached to Defendant's Motion as Exhibit A-3.

In November 2015, Benson made a request through Navient's website for his entire payment history from inception. Ex. A-2, [Dkt. 12-1, p. 31]. At this point, he was informed that his requests were being handled by Navient's Office of the Consumer Advocate ("OCA"). Ex. A-2, [Dkt. 12-1, p. 32]. On November 17, 2015, Plaintiff spoke with OCA and stated that he believed his payment history and account balance were not accurate. *Id.* Benson spoke with Navient multiple times in December 2015 and was ultimately sent correspondence outlining his account balances and payment histories. Ex. A-2, [Dkt. 12-, pp. 32-34]; *see also* [Dkt. 13,], January 7, 2016 Correspondence, Amended Exhibit A-4 to Defendant's Motion. Plaintiff requested additional information again in early 2019, which prompted another letter from Navient stating that his loan balances with Navient were "paid in full by consolidation in June 2008." [Dkt. 12-1, p. 68], February 18, 2019 Correspondence, attached to Defendant's Motion as Exhibit A-5.

## STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. *Moody v. Walmart, Inc.*, No. 3:19-cv-537-DPJ-FKB, 2021 WL 4999010, at *2 (S.D. Miss. Oct. 17, 2021). "The party moving for summary judgment 'bears the initial responsibility of informing the district court of the basis for its motion[] and

3

identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The nonmoving party must then 'go beyond the pleadings' and 'designate specific facts showing there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324). In reviewing the Parties' submissions, "factual controversies are to be resolved in favor of the nonmovant, 'but only when . . . both parties have submitted evidence of contradictory facts." *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial." *Id.* (internal citations omitted).The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss pursuant to Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Brune v. Takeda Pharma. U.S.A., Inc.*, No. 1:18-cv-298-LG-RHW, 2019 WL 3323511, at *4 (S.D. Miss. July 24, 2019) (quoting *Iqbal*, 556 U.S. at 678). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* "[T]he complaint must allege more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Jabaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009)). To satisfy that burden, any legal conclusion "must be supported by factual allegations" and

4

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 664, 678).

## ARGUMENT

### I. Navient Corporation is Not a Proper Party.

Navient Corporation is entitled to summary judgment on Plaintiff's claims because it is merely a holding company that had no relationship with Plaintiff or his loans. Navient Solutions, LLC is the entity that serviced Plaintiff's federal and private loans. Ex. A, [Dkt. 12-1, p. 1, ¶ 3], Affidavit of Michelle Iorio. Indeed, the Mississippi Secretary of State's website clearly shows that only Navient Solutions, Inc. and Navient Solutions, LLC are authorized to do business in the state of Mississippi.[3] *See* [Dkt. 12-2], Secretary of State Search Results, attached to Defendant's Motion as Exhibit B. Navient Corporation, therefore, cannot be held liable for alleged wrongdoing regarding loans that it neither disbursed nor serviced. Navient Corporation, therefore, is entitled to summary judgment on Plaintiff's claims.

### II. Plaintiff's Claims Against Navient are Barred by the Statute of Limitations.

Plaintiff's claims against Navient are barred by the statute of limitations. Each of Plaintiff's claims are subject to the three-year limitations period under Miss. Code Ann. § 15-1-49, Mississippi's "catch-all" limitations statute. *See Covington Cnty. Bank v. Magee*, 177 So. 3d 826, 828-29 (¶6) (Miss. 2015) (conversion); *see also Anderson v. LaVere*, 136 So. 3d 404, 411 (¶32) (Miss. 2014) (breach of fiduciary duty); *Alston v. Pope*, 112 So. 3d 422, 424 n.3 (Miss. 2013) (negligence); *Wallace v. Greenville Pub. Sch. Dist.*, 142 So. 3d 1104, 1106 (Miss. Ct. App. 2014) (¶8) (breach of contract); *B & C Constr. & Equip., LLC v. Ovella*, 880 F. Supp. 2d 735, 739 (S.D. Miss. 2012) (breach of the duty of good faith and fair dealing).

---

[3] Navient Solutions, Inc. changed its name to Navient Solutions, LLC effective January 31, 2017.

Under § 15-1-49, a cause of action accrues "when it comes into existence as an enforceable claim, that is, when the right to sue becomes invested." *Anderson*, 136 So. 3d at 411 (¶33) (citing *Ballard v. Guardian Life Ins. Co. of Am.*, 941 So. 2d 812, 815 (Miss. 2006)); *see also Wallace*, 142 So. 3d at 1107 (¶9) (stating that a breach of contract claim "accrues at the time of the breach, regardless of the time when the damages from the breach occurred."). Thus, any cause of action as to Navient would have to have accrued, at the latest, in 2013. Plaintiff's claims, subject to a three-year limitations period, would have expired in 2016.

Additionally, Plaintiff cannot save his claim by alleging that his injuries were latent in nature and not discovered until some later point in time. Under Section 15-1-49(2), in actions "which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." A "latent injury" is defined as "one where the plaintiff will be precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question . . . or when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful conduct." *Baker v. Raymond James & Assocs. Inc.*, 312 So. 3d 720, 723 (¶12) (Miss. 2021) (quoting *PPG Finishes, Inc. v. Lowery*, 909 So. 2d 47, 50 (Miss. 2005)). Additionally, the "'latent injury 'must be undiscoverable by reasonable methods [,]' and plaintiffs 'must be reasonably diligent in investigating [their] injuries." *Id.* (quoting *Wright v. Quesnel*, 876 So. 2d 362, 366 (Miss. 2004)).

Plaintiff's alleged injury is not latent. But, even if his injury was latent, Plaintiff was aware of the status of his loan accounts throughout the life of the loans and the repayment periods. In 2015, for example, Plaintiff spoke with Navient multiple times regarding that status of his loans and his belief that his balances had increased. He also made requests for his payment history through Navient's website. In fact, Plaintiff accessed his account through Navient's website at least 79 times between July 3, 2009 and February 6, 2017. [Dkt. 12-1, pp. 201-71], Correspondence History – Dash 2, attached to Defendant's Motion as Exhibit A-6. Plaintiff,

therefore, was or should have been well aware of any alleged issues with his student loans years ago, and the statute of limitations on his claims, therefore, has long expired.

### III. Plaintiff's Complaint Fails to State a Claim Upon Which Relief May Be Granted as to Navient.

Even if Plaintiff's claims against Navient had not expired, Plaintiff's Complaint fails to state a claim upon which relief may be granted as to Navient on any of his claims. Plaintiff's Complaint alleges that his loans were in forbearance until 2008, meaning no payments would have been owed during that period. Complaint, [Dkt. 1-2, p. 3, ¶ 12]. Navient, however, did not service Plaintiff's loans after 2008. Ex. A-2, [Dkt. 12-1, pp. 4]; Ex. A-5 [Dkt. 12-1, p. 68].[4] Plaintiff pleads that all alleged wrongful conduct regarding his federal loans took place after 2008, a period when Navient no longer serviced any of Plaintiff's federal loans. Each of Plaintiff's five counts—conversion, breach of fiduciary duty, negligence, breach of contract, and breach of the implied duty of good faith and fair dealing—all relate to the conduct the Complaint alleges took place following the 2008 consolidation of Plaintiff's federal loans. Since Navient was not servicing any of Plaintiff's federal loans at that point, no payments were being made to Navient at all. Moreover, the Complaint alleges that the loans were in school deferment or forbearance prior to 2008, meaning that no loans payments were made to Navient at any point in time. Complaint, [Dkt. 1-2, pp. 2-3, ¶¶ 8, 12]. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted against Navient, and his Complaint should be dismissed.

### CONCLUSION

For these reasons, Defendant Navient Corporation requests that the Court grant its Motion for Summary Judgment on the grounds that Navient Corporation is an improper party and that the

---

[4] The Court may consider Plaintiff's loan summary under Rule 12(b)(6) even though it was not attached to Plaintiff's complaint because the consolidation of Plaintiff's loan is referred to in Plaintiff's Complaint and is central to Plaintiff's claims. *Mars v. Miss. Export R.R. Co.*, No. 1:19-CV-290-KS-RHW, 2020 WL 1668843, at *1 (S.D. Miss. Apr. 30, 2020) (citing *Ironshore Europe DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 763 (5th Cir. 2019)).

statute of limitations on Plaintiff's claim has expired or, in the alternative, dismiss Plaintiff's Complaint for failure to state a claim.

This the 20th day of October, 2023.

                                Respectfully submitted,

                                NAVIENT CORPORATION

                                By Its Attorneys,

                                BAKER, DONELSON, BEARMAN,
                                CALDWELL & BERKOWITZ, PC

                                By: *s/ J. Carter Thompson, Jr.*
                                      J. CARTER THOMPSON, JR.

OF COUNSEL:

J. Carter Thompson, Jr. (MSB # 8195)
cthompson@bakerdonelson.com
R. Christopher White (MS Bar No. 105509)
rcwhite@bakerdonelson.com
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
MAILING:  Post Office Box 14167
Jackson, Mississippi  39236-416763
PHYSICAL:  One Eastover Center
100 Vision Center, Suite 400
Jackson, MS  39211-6391
Telephone: (601) 351-2400
Facsimile: (601) 351-2424