Last Updated: January 2021
FORM 1 (ND/SD MISS. JAN. 2021)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

Jamerial Benson **PLAINTIFF**

v.  CIVIL ACTION
    NO. 3:23-cv-00564-TSL-RPM

Higher Education Loan Authority of the State of **DEFENDANTS**
Missouri d/b/a MOHELA and Navient Corporation

# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

IT IS HEREBY ORDERED:

1. **ESTIMATED DAYS OF TRIAL:**  2-3

    **ESTIMATED TOTAL NUMBER OF WITNESSES:**  6-8

    **EXPERT TESTIMONY EXPECTED:** Yes    **NO. OF EXPERTS:**  4

    Enter explanation (if necessary) here:

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

    Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows

    Settlement Conference with Magistrate Judge.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

    The parties do not consent to trial by a United States Magistrate Judge.


FORM 1 (ND/SD MISS. JAN. 2021)

4. **DISCLOSURE.** (Pick one)

   The pre-discovery disclosure requirements have been complied with fully.

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)

   Staged resolution/bifurcation of the trial issues will not assist in the prompt resolution of this action.

   Early filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action:

   Defendant Navient Corporation has already filed its Motion to Dismiss, or in the alternative, for Summary Judgement, which Plaintiff has opposed.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A. Interrogatories are limited to __25__ succinct questions.

   B. Requests for Production are limited to __25__ succinct questions.

   C. Requests for Admissions are limited to __25__ succinct questions.

   D. Depositions are limited to the parties, experts, and no more than __5__ fact witness depositions per party without additional approval of the Court.

FORM 1 (ND/SD MISS. JAN. 2021)

**E.** The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery of electronically stored information and have concluded as follows:

To identify and preserve any potential ESI, counsel have alerted their clients to ensure proper protections are in place to prevent deletion of documents or data potentially relevant to this litigation.

Unless otherwise agreed, ESI produced in this matter will be in .pdf format or printed and produced in paper format.

In the event any privileged information is inadvertently disclosed via ESI, the parties agree that the privilege is not waived.

**F.** The court imposes the following further discovery provisions or limitations:

☐ 1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

☑ 2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☐ 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☑ 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☐ 5. Other:

FORM 1 (ND/SD MISS. JAN. 2021)

Additional information:

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for  JURY TRIAL  during a  four-week  term of court beginning on: October 7, 2024 , at 9:00 , a.m. , in Jackson , Mississippi, before United States District Judge Tom S. Lee .

   THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS  2-3 . ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on: September 16, 2024 , at 9:00 , a.m. , in Jackson , Mississippi, before United States District Judge Tom S. Lee .

   C. **Discovery.** All discovery must be completed by: May 1, 2024 .

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be filed by: January 5, 2024 .

   E. **Experts.** The parties' experts must be designated by the following dates:

      1. Plaintiff(s):  February 1, 2024 .

      2. Defendant(s):  March 1, 2024 .

FORM 1 (ND/SD MISS. JAN. 2021)

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: May 15, 2024    . The deadline for motions *in limine* twenty one   days the pretrial conference; the deadline for responses is fourteen   days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

    A SETTLEMENT CONFERENCE is set on: March 8, 2024   , at 9:30   , a.m.   in   Jackson   , Mississippi, before United States Magistrate ▼ Judge Robert P. Myers, Jr.   .

    Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are required to be present at the conference unless excused by the Court. If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) September 9, 2024   , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3)*.

**SO ORDERED:**

December 6, 2023    /s/ Robert P. Myers, Jr.   
DATE                UNITED STATES MAGISTRATE JUDGE