```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                      NORTHERN DIVISION


JAMERIAL BENSON                                        PLAINTIFF

VS.                          CIVIL ACTION NO.: 3:23-CV-564-TSL-RPM

HIGHER EDUCATION LOAN AUTHORITY
OF THE STATE OF MISSOURI d/b/a
MOHELA; NAVIENT CORPORATION;
CONDUENT EDUCATION SERVICES, LLC
f/k/a ACS EDUCATION SERVICES, INC.                     DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Navient Corporation (Navient) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Jamerial Benson has responded to the motion, and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be granted.

Plaintiff filed his complaint in this cause on March 3, 2023, asserting causes of action for conversion, breach of fiduciary duty, negligence, breach of contract and breach of the duty of good faith and fair dealing, all based on allegations that defendants -- first, Navient, and later, defendant Higher Education Loan Authority of the State of Missouri d/b/a Moella -- negligently failed to maintain accurate records of his student loan payments and failed to fully and accurately apply

1

his payments to his loan balance. Plaintiff alleged, for example, that only six payments were applied to his loan during the five-year period from 2008 to 2013 despite regular automatic payments being drafted from his bank account.[1]

Navient contends in its motion that it is entitled to summary judgment because (1) it is not a proper defendant as it never disbursed or serviced any loans to plaintiff, and (2) even if were a proper defendant, all plaintiff's claim against it are barred by the statute of limitations. In response to the motion, plaintiff argues that Navient's motion should be denied as premature, because no discovery has been taken and he is otherwise unable to present, by affidavit or declaration, facts essential to support his opposition. More particularly, he asserts that he needs discovery to determine whether Navient Corporation is a proper party in interest, including whether Navient serviced any of his loans during the relevant periods. Plaintiff does not claim to need discovery, however, in order to properly respond to Navient's argument that his claim is time-barred. Instead, on that issue, he contends the motion should be denied because there are genuine issues of material fact,

---

[1] Plaintiff's complaint was filed in state court but was removed by defendants, who asserted in the notice of removal that plaintiff's discovery responses had disclosed an amount in controversy in excess of the $75,000 threshold for jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

which he is entitled to have resolved by a jury, as to when the statute of limitations began to run on his claims. It is clear, though, that all his claims against Navient are time-barred and due to be dismissed.

All plaintiff's claims are governed by Mississippi's three-year catch-all statute of limitations. See Miss. Code Ann. § 15-1-49(1) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."); Am. Bankers' Ins. Co. of Fla. v. Wells, 819 So. 2d 1196, 1200 (Miss. 2001) (claims for breach of the implied covenant of good faith and fair dealing and breach of fiduciary duties governed by three-year statute of limitations in Miss. Code Ann. § 15-1-49); Alston v. Pope, 112 So. 3d 422, 424 n.3 (Miss. 2013) (same for negligence claims); White v. White, 355 So. 3d 233, 240 (Miss. Ct. App. 2022) (same for claims for conversion and breach of contract). Generally, "[a] cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested. In other words, the statute of limitations begins to run when all the elements of a tort, or cause of action, are present." Weathers v. Metro. Life Ins. Co., 14 So. 3d 688, 692 (Miss. 2009). Navient points to plaintiff's allegation that Navient serviced his loans only until the loans were acquired by MOHELA in 2013 and argues that

consequently, plaintiff's claims against Navient necessarily accrued, at the latest, in 2013, since Navient is not alleged to have had any involvement in servicing the loans after that date.[2] In response, plaintiff argues that his claims for negligence and breach of fiduciary duty involve "latent" injuries, and as such, are governed by the "discovery rule" of § 15-1-49(2), which states, "In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury."[3] He further argues that while Navient contends the evidence shows that he was fully aware of the status of his loans well over three years before he filed suit, the evidence actually shows that, despite his diligent efforts, he "experienced a years-long run around that rendered him unable to determine whether his balance was correct or his payments were properly applied." Ultimately, he claims, "[i]t was not until [he] retained an attorney who requested the needed information that he finally received a letter from Navient dated August 19, 2022 showing his complete account declining balance payment history that he had

---

[2] Navient asserts that MOEHELA took over servicing plaintiff's loans in 2008, not 2013, but contends that in either case, plaintiff's claims are time-barred.

[3] Plaintiff does not argue that this "discovery rule" applies to his other claims and thus appears to have conceded they are time-barred.

4

enough information to know a cause of action against Navient was appropriate." The "declining balance payment history" accompanying the letter set out the date, type and amount of each transaction on plaintiff's account, including the amounts applied to principal, interest and any fees, and listed the remaining unpaid principal balance following each transaction. Plaintiff argues that "[a] jury should decide if and to what extent pertinent knowledge was withheld from [him] … and whether, as a result of Navient's conduct, his injury was latent, and could not have been discovered until August of 2022."

"Section 15-1-49(2) applies only to actions that involve a 'latent injury,' and it tolls the statute of limitations only until 'the plaintiff has discovered, or by reasonable diligence should have discovered, *the injury*.'" White, 355 So. 3d at 241 (citing § 15-1-49(2)). A latent injury is "one where the 'plaintiff will be precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question ... [or] when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act.'" PPG Architectural Finishes, Inc. v. Lowery, 909 So. 2d 47, 50 (Miss. 2005) (quoting Donald v. Amoco Prod. Co., 735 So. 2d 161, 168 (Miss. 1999)). See Bennett v. Hill-Boren P.C., 52 So. 3d 364, 369 (Miss. 2011) ("The discovery rule is

5

applied when the facts indicate that it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act.").

While "genuine disputes as to the ability to discover a latent injury are questions of fact to be decided by the fact finder, not on summary judgment," Punzo v. Jackson County, 861 So. 2d 340, 346 (Miss. 2003), here, there is no genuine dispute.[4] Plaintiff claims that in August 2022, he finally had enough information to know he had a cause of action against Navient when he received the letter from Navient that included a declining balance payment history.  However, Navient has submitted evidence that it provided this exact information to plaintiff in January 2016.  Specifically, in January 2016, reportedly in response to a request by plaintiff for information, Navient sent plaintiff a letter, accompanied by a document entitled "PRINCIPAL BALANCE PAYMENT HISTORY," which set forth, in virtually identical format, the same information in the declining balance payment history provided to plaintiff in August 2022.  In an affidavit, plaintiff acknowledges that around this time, he had requested a payment history from Navient and that "Navient sent [him] a payment history, but it did not ... include the entire declining balance history as

---

[4] The court assumes, solely for the sake of argument, that plaintiff's injury could be considered latent.

6

requested." Yet the payment history which Navient sent to him in 2016 included the same balance history information as the payment history provided in August 2022, which plaintiff concedes was the information he needed to file suit. As this information was provided to plaintiff more than seven years before suit was filed, plaintiff's claims are clearly time-barred.

For that reason, it is ordered that defendant Navient's motion for summary judgment is granted.

SO ORDERED this 6th day of February, 2024.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE